**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IRENE CANNONIER,

       Plaintiff,

v.                                                                          Case No:   6:25-cv-2379-GAP-LHP

TRANS UNION LLC and NEXUM
GROUP INC.,

       Defendants

---

**ORDER**

Before the Court is Plaintiff's Motion for Clerk's Default, seeking entry of Clerk's default against Defendant Nexum Group Inc. ("Nexum").   Doc. No. 27. Upon consideration, the motion (Doc. No. 27) will be **DENIED without prejudice**. The motion fails to include a memorandum of legal authority as required by Local Rule 3.01(b).   Relatedly, the motion does not adequately address whether service of process on Nexum was proper.   *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

Specifically, in the complaint, Plaintiff states that Nexum is a Florida corporation, with its principal place of business in Orlando, Florida.   Doc. No. 1-1 ¶ 7.   According to records with Florida's Department of State, Nexum is a Florida Profit Corporation that was administratively dissolved in 2025 for lack of an annual report.[1]   Also according to those records, Nexum's registered agent is a natural person, Michael F Murphy, with an address in Orlando, Florida.

According to Plaintiff's return of service, however, Nexum was to be served "c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701."   Doc. No. 27-1, at 2. Nexum was served at that address by service on "Neisha Gross as Authorized Agent for Nexum Group Inc."   *Id.*   And Plaintiff's motion (Doc. No. 27) includes only a conclusory statement that "[s]ervice of Process was effectuated on Defendant," without explanation.   Doc. No. 27.   Given the discrepancies between public information available for Nexum and Plaintiff's return, it is not clear that service was proper, and the Court will require Plaintiff to file a renewed motion addressing these issues.

---

[1] Records maintained by the Florida Department of State, Division of Corporations, are available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName.   The records for Nexum are accessible by entering "Nexum Group Inc." into the "Entity Name" field.

Accordingly, the motion (Doc. No. 27) is **DENIED without prejudice**. Plaintiff shall file a renewed motion within **fourteen (14) days** of this Order, which shall address the issues set forth in this Order and which must include a memorandum of legal authority establishing that service of process on Nexum was proper under applicable law.

**DONE** and **ORDERED** in Orlando, Florida on April 20, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties